IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| HAROLD M. HOFFMAN, individually and on behalf of those similarly situated,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>NATURAL FACTORS NUTRITIONAL PRODUCTS, INC.,<br><br>　　　　Defendant. | Civil Action No.<br><br>12-7244-ES-SCM<br><br>**REPORT AND RECOMMENDATION ON MOTION FOR REMAND**<br><br>**[D.E. 7]** |

STEVEN C. MANNION, United States Magistrate Judge.

## I.　**INTRODUCTION**

This matter comes before the Court upon the motion of *pro se* plaintiff Harold Hoffman, Esq. (hereafter, "Plaintiff") to remand the pending matter to the Superior Court of New Jersey. (D.E. 7) Defendant Natural Factors Nutritional Products, Inc., (hereafter, "Defendant") has filed opposition. (D.E. 8). Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Esther Salas, U.S.D.J. has referred the motion to the undersigned for report and recommendation. For the reasons set forth below, the undersigned recommends denying the motion to remand.

## II. BACKGROUND

On October 19, 2012, Plaintiff, individually and on behalf of those similarly situated, filed a complaint against Defendant in the Superior Court of New Jersey, Law Division, Bergen County, seeking damages for alleged violations of the New Jersey Consumer Fraud Act. (*See* D.E. 1, Notice of Removal). Plaintiff is a citizen of New Jersey. (*Id.*). Defendant is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Everett, Washington. (*Id.*).

Plaintiff's complaint asserts class claims on behalf of a putative class of consumers who purchased Defendant's dietary supplement, Pharma GABA (the "Product") based on allegedly false and misrepresented claims of product efficacy. (D.E. 1, Compl., at *1). The parties dispute whether the putative class is limited to purchasers of Defendant's Pharma GABA product in chewable tablet form only. (*See* D.E. 8, Plaintiff's Brief in Opposition, at *7). Plaintiff alleges that, contrary to Defendant's advertisements and labeling promoting the Product's promotion of mental focus, the Product does not improve mental focus and "[t]here are no reliable medical studies validating Defendant's claim of product efficacy[.]" (*Id.* at *2). Plaintiff now seeks to bring this putative class action on behalf of all nationwide purchasers of the Product for a six-year period preceding the filing of Plaintiff's Complaint. (*See id.*).

Defendant removed this matter to federal court on November 21, 2012. (D.E. 1, Notice of Removal). Defendant asserts that Plaintiff's claims properly fall within the jurisdiction of this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), because minimal diversity exists and the amount in controversy exceeds $5 million. (*See* D.E. 8, Defendant's Brief in Opposition, at *5). On October 12, 2012, after the parties had met and conferred and Plaintiff indicated his intent to challenge removal, the Honorable Cathy L. Waldor, U.S.M.J., entered a consent order extending Defendant's time to respond to the complaint to thirty days after the adjudication of Plaintiff's motion to remand. (D.E. 6, Consent Order). Plaintiff filed the instant motion to remand on December 14, 2012. (D.E. 7, Plaintiff's Motion to Remand).

Plaintiff argues that remand is appropriate because Defendant has not established that the amount in controversy satisfies CAFA's $5 million jurisdictional threshold. (*See* D.E. 7-1, Plaintiff's Brief in Support of Motion to Remand, at *7). In addition, Plaintiff argues that his dual role in this litigation as class counsel and class representative precludes class certification under Federal Rule of Civil Procedure 23, thereby negating any possibility of recovering CAFA's minimum jurisdictional amount. (*Id.*). Defendant contends that the complaint alleges damages that satisfy CAFA's jurisdictional threshold, and that Plaintiff has misconstrued

3

the applicable law with regard to Plaintiff's dual role as class representative and class counsel. (*See* D.E. 8, Defendant's Brief in Opposition).

### III. **LEGAL STANDARD**

Remand to state court is proper when the district court lacks subject matter jurisdiction over the asserted claims. 28 U.S.C. § 1447(c). Under CAFA, a district court has original subject matter jurisdiction over any civil action where, *inter alia*, minimal diversity is established and the aggregated amount in controversy exceeds $5 million, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2). Specifically, § 1332(d)(2)(A)-(C) provides that minimal diversity of citizenship is demonstrated in a class action in which:

> (A) Any member of a class of plaintiffs is a citizen of a State different from any defendant;
> (B) Any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
> (C) Any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

As a general matter, CAFA "enables any defendant to remove a qualifying class action to federal court" if minimal diversity of citizenship exists. *Kaufman v. Allstate New Jersey Ins. Co.*, 561

F.3d 144, 148 (3d Cir. 2009). The removing party must demonstrate that federal subject matter jurisdiction exists and that removal is proper. *See Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *see also Morgan v. Gay*, 471 F.3d 469, 473 (3d Cir. 2006) ("Under CAFA, the party seeking to remove the case to federal court bears the burden to establish that the amount in controversy is satisfied"). In doing so, diversity of citizenship must be established, as well as CAFA's amount in controversy requirement. *See Morgan*, 471 F.3d at 473.

Even where the parties do not dispute all elements of CAFA jurisdiction, it is the Court's obligation to determine whether it has subject matter jurisdiction. *See Kaufman*, 561 F.3d at 151 (citing *Samuel-Basset*, 357 F.3d at 395). In making this determination the Court is to evaluate "jurisdiction by reviewing the allegations in the complaint and in the notice of removal." *Id.*; *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007). Here, there is no dispute that the parties are completely diverse, and therefore subject matter jurisdiction hinges upon whether the amount in controversy meets CAFA's $5 million statutory minimum.

In determining whether a case removed from state court pursuant to CAFA should be remanded because the amount in controversy does not satisfy the jurisdictional threshold, courts in this district employ the analysis set forth in *Frederico v. Home Depot*, 507 F.3d

188. Under *Frederico*, the district court must first and foremost consider the complaint filed in state court. *Id.* at 197. If jurisdictional facts are in dispute, the party challenging federal jurisdiction bears the burden of proving necessary facts by a preponderance of the evidence. *Id.* at 194 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936)). If jurisdictional facts are not in dispute, the court must consider whether the jurisdictional amount is satisfied with "legal certainty." *Id.* at 196.

The "legal certainty" test comprises of two alternative strands: the "*Morgan*" strand and the "*Samuel-Bassett*" strand. *See id.* at 196-97 (citing *Morgan*, 471 F.3d 469; *Samuel-Bassett*, 357 F.3d at 396)). Depending upon which strand of the legal certainty test is applicable, the burden of proof may rest upon either the party asserting or challenging federal jurisdiction. *Id*. If the complaint "specifically avers that the amount sought is less than the jurisdictional minimum," the *Morgan* strand of the test applies and the "defendant seeking removal must prove to a legal certainty that the plaintiff can recover the jurisdictional amount." *Id.* at 196-97 (citing *Morgan*, 471 F.3d 469. However, if the "plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum," the legal certainty test set forth in *Samuel-Bassett* applies and the case "must

6

be remanded if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount." *Id.* at 197.

IV. **DISCUSSION**

First, the Court must consider whether the parties dispute jurisdictional facts in order to determine whether it is the preponderance of the evidence or legal certainty standard that is applicable. *See id.* at 197. The parties disagree as to whether the jurisdictional amount has been met, however, Defendant's notice of removal is premised entirely on factual allegations and legal claims taken from Plaintiff's complaint, and therefore jurisdictional facts are not expressly in dispute between the parties for the purpose of determining CAFA jurisdiction.[1] *See Frederico,* 507 F.3d at 198 ("[Defendant's] argument for jurisdiction is based on allegations made initially by [plaintiff] herself. Accordingly, the present posture of the case is one where the relevant facts are not expressly in dispute between the parties[.]"); (*see also* D.E. 1, Notice of Removal). The preponderance of the evidence standard espoused in

---

[1] As the Third Circuit noted in *Frederico*, even where jurisdictional facts are not in dispute, the court may still require the party alleging jurisdiction to justify his allegations by a preponderance of the evidence. *Frederico*, 507 F.3d at 198 (quoting *McNutt*, 298 U.S. at 189). However, like *Frederico*, the defendant in the instant matter based its notice of removal on allegations from the plaintiff's own complaint, and the parties do not contest the underlying facts. *Id.* Accordingly, the Court finds it unnecessary to insist on this burden of proof. *See id.*

7

*McNutt* is therefore inapplicable; the instant matter must be considered within the framework of the "legal certainty" test established by the Third Circuit in *Frederico*. *Id.* at 196-98.

As noted above, there are two alternative strands of the legal certainty test, and the burden of proof associated with the test may rest upon either the party asserting or challenging jurisdiction depending on which strand is applicable. *Id.* at 196. Here, Plaintiff's Complaint specifically disclaims the ability of the putative class to recover $5 million, the jurisdictional threshold required for diversity jurisdiction under CAFA.[2] (D.E. 1, Plaintiff's Compl. at ¶26). Accordingly, the *Morgan* strand of the legal certainty test applies, and Defendant "must prove to a legal certainty that the amount in controversy exceeds the statutory

---

[2] It is well established that a plaintiff is the master of his own claim, and may limit his claims to avoid federal subject matter jurisdiction. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove[.]"). This principle also applies to class actions removed to federal court pursuant to CAFA. *See, e.g., Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) (noting that a plaintiff may limit his claims to keep the amount in controversy from exceeding CAFA's jurisdictional threshold); *Frederico*, 507 F.3d at 195 (explaining that it is "well established" that the plaintiff is the master of her own claim and thus may limit her claims to avoid federal subject matter jurisdiction). However, there is a "broad good faith requirement in a plaintiff's complaint with respect to the amount in controversy, […] so that a defendant will be able to remove [a] case to federal court by 'show[ing] to a legal certainty that the amount in controversy exceeds the statutory minimum[.]'" *Morgan*, 471 F.3d at 474 (quotations and citations omitted).

minimum." *Frederico*, 507 F.3d at 196-97 (acknowledging that a plaintiff may limit his or her claims so as to avoid federal subject matter jurisdiction); *compare Raspa v. Home Depot*, 533 F.Supp.2d 514, at 522 (D.N.J. 2007) (where a complaint does not expressly limit its damages claim to less than the jurisdictional amount, the *Samuel-Bassett* strand of the legal certainty test is applicable).

Under the *Morgan* strand of the test, the proponent of federal subject matter jurisdiction must show, to a legal certainty, that the amount in controversy exceeds the statutory threshold. *Id.* at 197. "The removing party must 'show not only what the stakes of the litigation could be, but also what they are given the plaintiff's actual demands.'" *Morgan*, 471 F.3d at 474 (quoting *Brill*, 427 F.3d at 449). While courts may consider a plaintiff's pleadings, a plaintiff's pleadings are not dispositive under the legal certainty test. *Id.* at 475. Instead, the court must look to a plaintiff's "actual legal claims." *Id*.

Defendant asserts that removal is proper because it has proved to a legal certainty that Plaintiff "could, in fact, recover more than the jurisdictional minimum on the state court complaint." (D.E. 8, Defendant's Brief in Opposition, at *7). Plaintiff counters that the matter should be remanded to state court, as Defendant's calculation of the amount in controversy incorrectly includes both chewable and capsule forms of Defendant's GABA product,

9

whereas Plaintiff asserts that the complaint is limited to chewable GABA only. (D.E. 7-1, Plaintiff's Brief, at *8-9). Defendant argues that the proposed class definition specifically includes "all nationwide purchasers of Defendant's Pharma GABA for the six year period preceding the filing of this suit," and is therefore not limited to the GABA product in chewable tablet form only. (D.E. 8, Defendant's Brief in Opposition, at *7). Defendant asserts that nationwide sales of Pharma GABA in chewable and capsule forms exceed $2.8 million, and that that amount trebled under the New Jersey Consumer Fraud Act satisfies the minimum amount in controversy threshold. (*Id*. at *7-8). Defendant further argues that, even if the complaint limited the putative class to nationwide purchases of only the chewable form of Pharma GABA for the six year period preceding the filing of the suit, the minimum amount in controversy requirement under CAFA would still be satisfied. (*Id*. at *8). Specifically, Defendant asserts that from January 1, 2007 through November 30, 2012, total U.S. sales of only the chewable tablet form of Pharma GABA are in excess of $2.38 million. (*Id*.). In support of this assertion, Defendant has provided a declaration from Kathy L. McKnight, the Vice President of Sales and Marketing at Natural Factors Nutritional Products, Inc. (D.E. 8-1, Declaration of Kathy L. McKnight).

The McKnight certification is the only proof that Defendant has

provided to buttress its assertion that Plaintiff's claims exceed $5 million. The four-paragraph certification states that "[f]rom January 1, 2007 through November 30, 2012, Natural Factors's total U.S. sales of chewable form of Pharma GABA are in excess of $2.38 million." (See D.E. 8-1). The McKnight certification also states the manufacturer suggested retail price for Pharma GABA products, however, no information is given regarding how many Pharma GABA products were sold or how much consumers paid for said products. (*See id*.). The McKnight certification is silent regarding how the total sales figure of $2.38 million for chewable Pharma GABA tablets was calculated. *Id*.

Defendant essentially argues that Natural Factors's purported $2.38 million in retail sales for its chewable Pharma GABA product, in addition to the allowance for treble damages under the New Jersey Consumer Fraud Act, is sufficient proof to establish CAFA's jurisdictional threshold. The Court notes that Plaintiff's complaint alleges that "[t]here is no reliable clinical evidence to support the Defendant's claim that GABA, taken by mouth, in a 100 mg chewable tablet, can delivery any benefit in relation to mental focus, and/or promote mental focus. Indeed, in a study published in the *European Journal of Clinical Nutrition*, it was demonstrated that GABA supplements cannot cross the blood brain barrier." (D.E. 1, Compl. at ¶ 8). Similarly, the complaint alleges that

11

"Defendant's orally administered product can do nothing to promote mental focus[,]" and that "Defendant took consumers' money predicated on a specific claim of health benefit and delivered to them, in return, nothing but broken promises." (*Id.* at *2). Thus, Plaintiff appears to allege that he and the other class members received no value or benefit from Defendant's product, and suffered losses in the form of sums paid for the purchase of Defendant's allegedly misrepresented and ineffective Product.

To recover under the New Jersey Consumer Fraud Act, a plaintiff must demonstrate an ascertainable loss. *N.J. Citizen Action v. Schering-Plough Corp.*, 842 A.2d 174, 176 (N.J. App. Div. 2003). "In cases involving breach of contract or misrepresentation, either out-of-pocket loss or a demonstration of loss in value will suffice to meet the ascertainable loss hurdle[.]" *Thiedemann v. Mercedes-Benz USA*, 183 N.J. 234, 247 (2005). Because Plaintiff alleges to have received no value from the Product, the ascertainable loss in this matter is the out-of-pocket losses for the purchase of the Product. Therefore, an estimate of actual losses across the putative class is relatively straightforward, and would be equivalent to the gross sales of the Product within the applicable six-year period set forth in Plaintiff's complaint. *Cf. Lamond v. Pepsico, Inc.*, 2007 WL 1695401, *8-9 (D.N.J. June 8, 2007) (noting that damages could not be ascertained with regard to the New Jersey

Consumer Fraud Act and *Morgan* strand of the legal certainty test where defendant provided certification stating gross sales, but plaintiff admitted that she received a value/benefit from purchasing and using defendant's product). Consequently, Defendant's gross sales figure of $2.38 million for chewable Pharma GABA is the operative number with respect to the present inquiry, and may be viewed as the amount in controversy. Taking into account the CFA's allowance for treble damages, the McKnight sales figure of $2.38 million for chewable Pharma GABA products easily vaults the amount in controversy over CAFA's jurisdictional threshold of $5 million. The Court therefore concludes that Defendant has "prov[en] to a legal certainty that the plaintiff can recover the jurisdictional amount."[3] *Frederico,* at 196-97.

Next, the Court will consider Plaintiff's argument that his dual role in this litigation as class counsel and class representative precludes class certification under Federal Rule of Civil Procedure 23, and thereby negates any possibility of recovering CAFA's minimum jurisdictional amount. (*See* D.E. 7-1, Plaintiff's Brief in Support of Motion to Remand, at *7).

---

[3] Considering that the total sales for Defendant's chewable Pharma GABA products is less than that for both chewable and capsule forms, the Court need not address the question of whether the amount in controversy should be calculated using the $2.38 sales figure for chewable Pharma GABA products or the $2.8 million sales figure for all Pharma GABA products.

For the purposes of removal jurisdiction, courts consider a case as of the time it was filed in state court. *Samuel-Bassett*, 357 F.3d at 398. Plaintiff asserts that an attorney may not serve as both class representative and class counsel. *See Kramer v. Scientific Control Corp.*, 534 F.2d 1085, 1093 (3d Cir. 1976) ("We have concluded that vindication of the Code of Professional Responsibility requires the following rule: no member of the bar either maintaining an employment relationship, including a partnership or professional corporation, or sharing office or suite space with an attorney class representative during the preparation or pendency of a Rule 23(b)(3) class action may serve as counsel to the class if the action might result in the creation of a fund from which an attorneys' fee award would be appropriate."). However, the Court does not find Plaintiff's line of reasoning persuasive.

Here, the Court has determined that the jurisdictional requirements of CAFA are met. While there is a possibility that this case may not survive class certification on account of Plaintiff's dual role in this litigation, there is also the possibility that Plaintiff's dual capacity could be remedied by adding new counsel or substituting in another class representative. In essence, Plaintiff's argument is entirely speculative, and the Court will refrain from making the determination that class certification is "legally impossible." *See Standard Fire Ins. Co. v. Knowles*, 133

14

S. Ct. 1345, 1349, 185 L. Ed. 2d 439, 445 (2013) (Class representative stipulated that he and the class would seek less than $5 million in damages, yet Court held that class representative's stipulation did not defeat CAFA jurisdiction because: (a) stipulation was non-binding as to other class members and $5 million jurisdictional threshold was otherwise satisfied; and (b) federal jurisdiction cannot be based on contingent future events, such as whether stipulation may not survive class certification process). Furthermore, the Court finds that CAFA's objective of ensuring "Federal court consideration of interstate cases of national importance" would be undermined by regarding such speculation as dispositive. Class Action Fairness Act of 2005, 109th Cong., 109 S. 5., at §2(b)(2) (2005).

While Plaintiff's dual role in this litigation may ultimately present an obstacle to class certification, there is no reason to conclude that class certification is a legal impossibility. *Cf. Robinson v. Hornell Brewing Co.*, Civil No. 11-2183 (D.N.J. Dec. 13, 2012) (district court found that jurisdiction does not continue over a class action filed in federal court when class certification under Rule 23(b)(2) is denied due to a defect in subject matter jurisdiction, and plaintiff's lack of standing barred any possibility of subsequent class certification). Accordingly, the Court finds that CAFA jurisdiction exists because it appears to a

legal certainty that Plaintiff can recover the jurisdictional amount.

V. <u>**CONCLUSION**</u>

For the reasons set forth above, the undersigned recommends that the District Court **DENY** Plaintiff's motion to remand. Pursuant to Local Civil Rule 72.1, the parties have fourteen days from receipt of this Report and Recommendation to file and serve any objections.

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

8/27/2013 7:29:27 PM