# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

CHAMBERS OF
ESTHER SALAS
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

September 30, 2013

## LETTER ORDER

Re:   *Hoffman v. Natural Factors Nutritional Products, Inc.*
      **Civil Action No. 12-7244 (ES)**

Dear Counsel:

    Pending before this Court is Plaintiff Harold M. Hoffman's ("Plaintiff") motion to remand this action to the Superior Court of New Jersey, Law Division, Bergen County. (D.E. No. 7). On August 28, 2013, Magistrate Judge Steven C. Mannion issued a Report & Recommendation recommending that this Court deny the Motion. (D.E. No. 18, Report and Recommendation on Motion for Remand ("R&R")). Magistrate Judge Mannion advised the parties that they had fourteen days to file and serve any objections to the R&R pursuant to Local Civil Rule 72.1. (*Id*. at 16). Plaintiff filed a timely objection on August 28, 2013. (D.E. No. 19, Pl.'s Objection to R&R ("Pl. Obj.")). On September 11, 2013, Defendant Natural Factors Nutritional Products, Inc. ("Defendant") filed a response to Plaintiff's objection. (D.E. No. 20, Def.'s Resp. to Pl. Obj. ("Def. Resp.")). Plaintiff also submitted a reply letter on September 11, 2013. (D.E. No. 21, Pl. Reply Ltr. ("Pl. Reply")).

    Judge Mannion provided a thorough factual background in his R&R, and this Court need not repeat it. (R&R at 2-4).

    Plaintiff objects to the R&R for two reasons. First, Plaintiff contends Defendant cannot meet its burden of satisfying the amount in controversy because class certification is a legal impossibility. (Pl. Obj. at 1-2; Pl. Reply at 2). Second, Plaintiff argues that this action is not certifiable as a class action because Plaintiff cannot serve a dual role as class counsel and class representative. (Pl. Obj. at 1-2). Relying on *Standard Fire Insurance Co. v. Knowles*, Plaintiff argues that the Court is only allowed to consider the operative complaint to determine CAFA jurisdiction. (*Id.* at 3). As a result, Plaintiff submits that this Court is without subject matter jurisdiction, and that this case must be remanded to state court. (*Id*.).

The Court is not persuaded by Plaintiff's objections.  Plaintiff, in effect, asks this Court to make a determination of the impossibility of class certification, but the Court is unable to do so at this time because Plaintiff has not yet filed a motion for class certification.  Significantly, Plaintiff initially contemplated the instant matter as a class action and considered himself fit to be representative plaintiff.  Therefore, it is puzzling that Plaintiff now argues that class certification presents a "legal impossibility" and that Plaintiff's pleading is non-certifiable as a class action. (Pl. Obj. 2).

The Court adopts Judge Mannion's computation of damages and finds them sound and well-reasoned.  (*See* R&R at 13-14).  Here, Defendants provided a certification to demonstrate that there exists the possibility of a certifiable class and that the amount in controversy meets the jurisdictional amount of $5 million with a legal certainty.  (*Id.* at 10-14).

Moreover, this Court is not convinced by Plaintiff's argument that his dual role as class representative and class counsel would prevent class certification.  Plaintiff fails to cite to any legal authority to support the proposition that a party's dual role can negate federal jurisdiction under CAFA.  The Court agrees with Judge Mannion's reasoning that the obstacle of Plaintiff's dual capacity could be remedied by "adding new counsel or substituting in another class representative." (R&R at 14).

*Standard Fire Insurance* also does not alter Judge Mannion's analysis, which relied on the allegations of the existing complaint.  133 S. Ct. 1345, 1350 (2013). To be sure, Plaintiff's Complaint alleges that: "[P]laintiff brings this suit as a class action and in [sic] behalf of others similarly situated . . . [t]he proposed Class consists of all nationwide purchasers of [Defendant's product] for the six year period preceding the filing of this suit." (D.E. No. 1, Pl. Compl. ¶ 26). Plaintiff also alleges that "[t]his action has been brought and may properly be maintained as a class action pursuant to New Jersey Rule 4:32." (*Id.* ¶ 27).  The class of plaintiffs is, in fact, so large, that "joinder of all members is impracticable." (*Id.*).  The class comprises of "thousands of consumers throughout the United States." (*Id.*).  Lastly, Plaintiff alleges in the complaint that he "is an adequate representative of the proposed Class and will fairly and adequately protect the interests of the Class." (*Id.*).

In sum, class certification is not "legally impossible."  Rather, it is possible, and the very direction contemplated by Plaintiff in the Complaint.  (*See* Pl. Compl. ¶¶ 26-30).  At best, Plaintiff's failure to pursue the matter as a class action could be attributed to Plaintiff's exercise of his own discretion, rather than to legal impossibility.  Therefore, Plaintiff's arguments do not divest this Court of federal jurisdiction.

The Court has considered Plaintiff's objection, as well as Magistrate Judge Mannion's R&R, and for the reasons stated therein,

IT IS on this 30th day of September 2013,

ORDERED that the R&R of Magistrate Judge Mannion is adopted as the conclusions of law of this Court; and it is further

ORDERED that Plaintiff's motion to remand is DENIED.

**SO ORDERED**.

<u>*s/Esther Salas*</u>
**Esther Salas, U.S.D.J.**