<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **HAROLD M. HOFFMAN, individually and on behalf of those similarly situated,** : : : | |
| **Plaintiffs,** : : | |
| v. : : | **Civil Action 12-7244 (ES) (MAH)** |
| **NATURAL FACTORS NUTRITIONAL PRODUCTS INC.,** : : : | **OPINION** |
| **Defendant.** : : | |

<u>SALAS, DISTRICT JUDGE</u>

**I.    Introduction**

Defendant Natural Factors Nutritional Products Inc. ("Defendant" or "NFNP") seeks dismissal of Plaintiff Harold M. Hoffman's ("Plaintiff") Complaint by way of a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (*See* D.E. No. 24). The Court has considered the parties' submissions in support of and in opposition to the instant motion, and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendant's motion is GRANTED.

## II.     Background[1]

On October 19, 2012, Plaintiff, an attorney, filed a *pro se* class action Complaint, on behalf of himself and similarly-situated persons, against Defendant in the Superior Court of New Jersey, Bergen County, Law Division. (Compl., D.E. No. 1). Plaintiff asserts that, "in or about September of 2012," he purchased "Defendant's product, *Pharma GABA*" ("GABA"), "a dietary supplement" that "contains 100 mg of Gamma Aminobutyric Acid," and that "promote[s] mental focus" and "relieve[s] anxiety." (*Id.* at Overview, ¶¶ 1, 7). Plaintiff claims that Defendant "advertised, promoted, marketed, distributed and sold" GABA "based upon false and misrepresented claims of product efficacy." (*Id.* at Overview). Specifically, he alleges that "[t]here is no reliable clinical evidence to support the Defendant's claim that GABA . . . can deliver any benefit in relation to mental focus." (*Id.* at ¶ 8). Accordingly, Plaintiff claims that "the purchasers of said product were injured and suffered loss." (*Id.* at ¶ 23).

Based on these allegations, Plaintiff asserted the following claims: (1) violations of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. § 56:8-1, *et seq.*, (Counts I-V); (2) common law fraud (Count VI); (3) unjust enrichment (Count VII); (4) breach of express warranty (Count VIII); and (5) breach of the implied warranty of merchantability and fitness for intended purpose (Count IX). (*Id.* at ¶¶ 31-70).

On November 21, 2012, Defendant removed the matter to federal court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). (Notice of Removal, D.E. No. 1). Thereafter, Plaintiff filed a motion to remand the case to state court, (D.E. No. 7), which

---

[1] Because the parties are thoroughly familiar with the facts and procedural history of the present case, the Court only recounts the essential facts necessary to determine the legal issues presented by the instant motion. Further, the facts set forth herein are taken from Plaintiff's Complaint and are accepted as true for purposes of resolving this motion.

Magistrate Judge Steven C. Mannion ("Judge Mannion") denied in a Report & Recommendation ("R&R"), (D.E. No. 18). On September 30, 2013, this Court adopted the R&R in its entirety as the Opinion of the Court. (D.E. No. 22).

On October 28, 2013, Defendant filed an Answer to Plaintiff's Complaint. (D.E. No. 23). On the same date, Defendant filed the instant motion. (D.E. No. 24).

### III. Legal Standard

#### A. Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "The standards governing Rule 12(c) motions are the same ones that govern motions to dismiss under Rule 12(b)(6)." *Allah v. Hayman*, 442 F. App'x 632, 635 (3d Cir. 2011) (citing *Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004)). To that end, Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that a pleader is entitled to relief." The pleading standard announced by Rule 8 does not require detailed factual allegations; it does, however, demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). In addition, the plaintiff's short and plain statement of the claim must "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). A claim has facial plausibility when "the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citation omitted).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). Furthermore, "[when] deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached [thereto], matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2011).

### B. Heightened Standard Under Fed. R. Civ. P. 9(b) for Fraud Claims

Rule 9(b) imposes a heightened pleading requirement concerning allegations of fraud, including NJCFA claims, over and above the pleading requirements of Rule 8(a). *Mickens v. Ford Motor Co.*, 900 F. Supp. 2d 427, 435 (D.N.J. 2012). Rule 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The intended purpose of the heightened pleading standard is to require the plaintiff to "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007); *see also Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984). "To satisfy this heightened

standard, the plaintiff must plead or allege the date, time, and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico*, 507 F.3d at 200. "Plaintiff must also allege who made the misrepresentation to whom and the general content of the misrepresentation." *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004), *abrogated on other grounds by In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 323 n.22 (3d Cir. 2010) (internal citation omitted); *Wiatt v. Winston & Strawn, LLP*, No. 10-6608, 2011 WL 2559567, at *17 (D.N.J. June 27, 2011) ("Plaintiff must also allege who made the purported misrepresentation and what specific misrepresentations were made.").

## IV. Analysis[2]

### A. NJCFA Claims (Counts I-V)

To state a claim under the NJCFA, a plaintiff must allege: "(1) an unlawful practice by the defendants; (2) an ascertainable loss by plaintiff; and (3) a causal nexus between the first two elements-defendants' allegedly unlawful behavior and the plaintiff's ascertainable loss." *Hoffman v. Cogent Solutions Grp., LLC*, No. 13-0079, 2013 WL 6623890, at *3 (D.N.J. Dec. 16, 2013) (quoting *Parker v. Howmedica Osteonics Corp.*, No. 07-2400, 2008 WL 141628, at *2 (D.N.J. Jan. 14, 2008). NJCFA claims must meet the heightened pleading requirement under Rule 9(b). *Mickens*, 900 F. Supp. 2d at 435.

To demonstrate the first element, "[a]n unlawful practice typically involves an affirmative act of fraud and can arise from an affirmative act, an omission, or a violation of an administrative regulation." *Adamson v. Ortho-McNeil Pharm., Inc.*, 463 F. Supp. 2d 496, 501

---

[2] Plaintiff responds to the motion, stating that "while we dispute the merit of Defendant's motion and cannot agree that dismissal is warranted for failure to state actionable claims, we can discern no justification for occupying the resources of the Court with formal opposition to sustain the viability of a single purchase case with a trivial sum in controversy." (D.E. No. 27, Pl. Ltr. in Opposition ("Pl. Opp.") 2). Despite Plaintiff's statement that it will not "formal[ly] oppos[e]" this motion, this Court considers the merits of Plaintiff's claims in this Opinion. (*Id.*).

(D.N.J. 2006). "The misrepresentations has to be one which is material to the transaction and which is a statement of fact, found to be false, made to induce the buyer to make the purchase." *Gennari v. Weichert Realtors*, 691 A.2d 350, 366 (N.J. 1997). Under the second element, courts consider whether a plaintiff alleged facts showing "either an out-of-pocket loss or a demonstration of loss in value." *Dist. 1199P Health & Welfare Plan v. Janssen, L.P.*, 784 F. sup. 2d 508, 530 (D.N.J. 2011) (internal citations omitted). Last, a plaintiff must show a causal nexus between the misrepresentation or concealment of the material fact by the defendant and the loss suffered by any person. *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 526 (D.N.J. 2008).

Additionally, prior substantiation claims—i.e., claims in which a plaintiff alleges that a defendant cannot substantiate the advertising effects it made about a product—are not cognizable under the NJCFA. *Franulovic v. Coca Cola Co.*, 390 F. App'x 125, 128 (3d Cir. 2010); *see also Scheuerman v. Nestle Healthcare Nutrition, Inc.*, No. 10-3684, 2012 WL 2916827, at *7 (D.N.J. July 17, 2012) (finding that "the case law is clear . . . that prior substantiation claims are not cognizable under the NJCFA").

Defendant argues that Plaintiff's NJCFA claims must be dismissed because "the Complaint is premised on a prior substantiation theory for which there is no private right of action under the CFA," and that Plaintiff fails to properly plead NJCFA claims. (D.E. No. 24-1, Def. Natural Factors Nutritional Products Inc.'s Mem. In Support of Mot. for Judgment on the Pleadings Pursuant to Rule 12(c) ("Def. Br.") 5, 7-18). Plaintiff does not dispute that prior substantiation claims are not cognizable under the NJCFA. (Pl. Opp. 2). He merely responds that his NJCFA claims "do not rest on the mere assertion that Defendant's claims are

unsubstantiated," but rather that "Defendant has simply fabricated its claims of efficacy." (*Id.*). Plaintiff also argues that he "need not plead that he[ ] used the product to state a valid claim." (*Id.*).

Here, this Court finds that the gravamen of Plaintiff's Complaint is that Defendant failed to substantiate its claims of efficacy with reliable medical studies, clinical data or scientific research. Although Plaintiff contends that Defendant's claims of efficacy are a "fabrication," the crux of Plaintiff's asserted NJCFA claims are based on a lack of substantiation theory, which are not viable under the NJCFA. *Franulovic*, 390 F. App'x at 128; *Scheuerman*, 2012 WL 2916827, at *7.

To be sure, the Complaint states that "[t]here are no reliable medical studies validating Defendant's claim of product efficacy and Defendant neither possess nor could it identify any clinical data and/or scientific research supporting its marketing claim." (Compl. at Overview; *see also id.* at ¶ 8 ("There is no reliable evidence to support the Defendant's claim that GABA, taken by mouth, in a 100 mg chewable tablet, can deliver any benefit in relation to mental focus, and/or promote mental focus. . . . Defendant . . . could neither identify nor cite any clinical study demonstrating efficacy for mental focus."); *id.* at ¶ 11 ("The affirmative promises and representations made by Defendant . . . are without valid medical/clinical support."); *id.* at ¶ 14 (alleging that putative class members were "victimized by false promises and claims with respect to product efficacy and benefit); *id.* at ¶ 15 ("[T]he orally administered product sold by Defendant in its present concentration has not been clinically shown to deliver any benefit relative to mental focus.")). Plaintiff's opposition also confirms his reliance on a prior substantiation theory:

> Plaintiff alleges that Defendant's product . . . can deliver no benefit in relation to mental focus . . . because it has been demonstrated in a study published in *European Journal of Clinical Nutrition* that GABA supplements cannot cross the blood brain barrier. . . . Defendant . . . could neither identify nor cite to any clinical study demonstrating efficacy for mental focus.

(Pl. Opp. 2). Accordingly, Counts I, II, III, IV, and V must be dismissed.

Alternatively, Plaintiff's threadbare allegations also fail to state a claim under the NJCFA. Plaintiff's Complaint alleges only that he purchased GABA, that Defendant cannot support its claims of product efficacy, and that he and the putative class "suffered ascertainable loss in the form of actual out-of-pocket payment and expenditure." (Compl. at Overview, ¶¶ 1, 22). Plaintiff does not state any specific facts about where Defendants made the alleged misrepresentations nor when Plaintiff observed and relied on these statements. Additionally, Plaintiff does not state how he did not receive the benefit of his bargain. Finally, Plaintiff does not allege that he consumed the GABA tablets nor that he consumed GABA because of the purported benefits. As such, his conclusory allegations about GABA fail to state a NJCFA claim under Rule 9(b).

### B. Common Law Fraud Claim (Count VI)

To plead a claim for fraud under New Jersey law, a plaintiff must state sufficient facts to raise a plausible inference that: "'(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages.'" *Banco Popular N. Am. v. Gandi*, 876 A.2d 253, 260 (N.J. 2005) (quoting *Gennari*, 691 A.2d at 367). Such claims must be pled with particularity pursuant to Rule 9(b).

Here, Plaintiff also fails to plead a viable common-law fraud claim. Plaintiff alleges that Defendant "deliberately engaged in deception, false pretense, false promise and/or misrepresentation with respect to material facts, [and] did so with the intent that others . . . rely upon same." (Compl. ¶ 47). Plaintiff's plain recitation of the elements of a common-law fraud claim are insufficient. Plaintiff "fails to identify with specificity the nature of the misrepresentations, when they were made, which representations he relied on, and how he reasonably relied on them, that he purchased the product as a result of these particular representations, and how that reliance caused him any detriment." *Hoffman v. DSE Healthcare Solutions, LLC*, No. 13-7582, 2014 WL 2119753, at *4 (D.N.J. May 21, 2014). Accordingly, Plaintiff's common-law fraud claim is dismissed.

### C. Unjust Enrichment Claim (Count VII)

To state a claim for unjust enrichment under New Jersey law, a plaintiff must show that "(1) a defendant received a benefit from the plaintiff; (2) retention of the benefit by the defendant without payment would be unjust; (3) plaintiff expected remuneration from defendant at the time he performed or conferred a benefit on defendant; and (4) the failure of remuneration enriched the defendant beyond its contractual rights." *Alin v. Am. Honda Co.*, No. 08-4525, 2010 WL 1372308, at *14 (D.N.J. Mar. 31, 2010) (citing *VRG Corp. v. GKN Realty Co.*, 641 A.2d 519, 526 (N.J. 1994)). Further, an unjust enrichment claim also requires a direct relationship between the parties. *Id.*

Here, Plaintiff failed to plead a claim for unjust enrichment. As Defendant correctly notes, Plaintiff has not alleged a direct relationship with Defendant, i.e., he does not allege that

he directly purchased GABA from Natural Factors Nutritional Products Inc. (Def. Br. 20-21). Plaintiff only claims that he purchased GABA "in or about September of 2012." (Compl. ¶ 1).

Furthermore, Plaintiff alleges, *inter alia*, that Defendant is "indebted to class members for the sums paid by class members to Defendant for purchase of a misrepresented product[, and that r]etention of said sums would result in the unlawful, unjust and inequitable enrichment of Defendant." (Compl. ¶ 55). But, whereas here, "a consumer purchases specific goods and receives specific goods," an unjust enrichment claim is not viable. *In re Cheerios Mktg. & Sales Practices Litig.*, No. 09-2413, 2012 WL 3952069, at *13 (D.N.J. Sept. 10, 2012). In this matter, Plaintiff purchased and received GABA. Plaintiff does not assert how GABA "failed to function as advertised, that he consumed and was thereby injured by the product, or why it was unjust for Defendant to retain the money for the product." *Cogent Solutions Grp.*, 2013 WL 6623890, at *5. Accordingly, Plaintiff's claim for unjust enrichment is also dismissed.

### D. Breach of Express Warranty Claim (Count XIII)

To state a claim for breach of express warranty under New Jersey law, a plaintiff must allege: "'(1) that Defendant made an affirmation, promise or description about the product; (2) that this affirmation, promise or description became part of the basis of the bargain for the product; and (3) that the product ultimately did not conform to the affirmation, promise or description.'" *Cogent Solutions Grp.*, 2013 WL 6623890, at *5 (quoting *Snyder v. Farnam Companies, Inc.*, 792 F. Supp. 2d 712, 721 (D.N.J. 2011)). But, "an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty." N.J.S.A. § 12A:2-313(2). A plaintiff must also show that such "damages were reasonably foreseeable at the time that the contract was entered into."

*Cogent Solutions Grp.*, 2013 WL 6623890, at *5 (citing *Spring Motors Distribs., Inc. v. Ford Motor Co.*, 489 A.2d 660, 672-73 (N.J. 1985)).

Here, Plaintiff alleges that he "entered into a contract with Defendant to purchase . . . GABA" and that "GABA did not conform to Defendant's promises of mental focus." (Compl. ¶¶ 59, 64). Plaintiff makes broad conclusory statements without providing any facts identifying Defendant's warranties, explaining how the product failed to conform to its promises of mental focus, or stating how the damages were reasonably foreseeable. Nor does Plaintiff state how Defendant's affirmations are not merely an opinion or commendation. This claim thus must be dismissed.

### E. Breach of Implied Warranties of Merchantability and Fitness For an Intended Purpose Claim (Count IX)

To state a claim for breach of the implied warranty of merchantability, a plaintiff must show that the goods were not "fit for the ordinary purposes for which such goods are used." N.J.S.A. § 12A:2-314(2)(c). That is, a plaintiff must allege "(1) that a merchant sold goods, (2) which were not 'merchantable' at the time of sale, (3) injury and damages to the plaintiff or its property, (4) which were [] caused proximately and in fact by the defective nature of the goods, and (5) notice to the seller of the injury." *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 600 n.8 (3d Cir. 2012) (internal citations omitted). By contrast, a claim for breach of implied warranty of fitness for a particular purpose concerns whether a product is fit for a particular purpose. N.J.S.A. § 12A:2-315. Where "the buyer, expressly or by implication, makes known to the seller the particular purpose for which the article is required and it appears that he has relied on the seller's skill or judgment, an implied warranty arises of reasonable fitness for that purpose." *Henningsen v. Bloomfield Motors, Inc.*, 161 A.2d 69, 76 (N.J. 1960).

Plaintiff merely makes conclusory statements that are insufficient to state a claim. Plaintiff alleges that "Defendant breached the implied warranty of merchantability with respect to Defendant's Pharma GABA in that it failed to conform to Defendant's promises of efficacy to promote mental focus . . . [and] as a result . . . was not fit for the ordinary purpose for which it was intended to be used." (Compl. ¶ 68). Plaintiff does not state how or why the product was defective, nor does he identify his injuries that were caused by the product. Thus, these claims also fail. Plaintiff also does not allege a "particular" purpose apart from its ordinary purpose.

## V.  Conclusion

For the foregoing reasons, Defendant's motion seeking judgment on the pleadings is GRANTED. Counts One, Two, Three, Four and Five are dismissed with prejudice. Counts Six, Seven, Eight and Nine are dismissed without prejudice. Plaintiff may file an Amended Complaint consistent with this Opinion within 30 days of the date of entry of the accompanying Order. Failure to file an Amended Complaint within 30 days will result in dismissal of Plaintiff's remaining claims with prejudice without further notice from this Court. An appropriate Order accompanies this Opinion.[3]

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[3] In its reply, Defendant requests that Plaintiff be ordered to pay costs and fees. (D.E. No. 28, Def. Ltr. in Reply ("Reply Ltr.") 2-3). The Court declines to entertain a request for costs and fees made for the first time in a reply letter.